UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,
No. 787263,

    Plaintiff,

v.

STATE OF MICHIGAN, *et al.*,

    Defendants.

_____/

Civil No. 2:22-cv-13002
Hon. Sean F. Cox

**ORDER GRANTING PERMISSION TO PROCEED IN FORMA PAUPERIS AND PARTIALLY DISMISSING CASE**

Sean Michael Ryan, a Michigan inmate incarcerated at the G. Robert Cotton Correctional Facility, filed this pro se civil rights complaint under 42 U.S.C. § 1983. Ryan sues the State of Michigan, the MDOC, Corizon Healthcare Inc., Wellpath, and fifty-nine individually named MDOC healthcare workers. The complaint alleges that from 2010-20, and as the result of an MDOC-wide conspiracy, Plaintiff has been denied treatment and accommodations for his numerous medical conditions at thirteen different correctional facilities.

For the reasons that follow, the Court will grant Ryan permission to proceed in forma pauperis, and all but four of the individually named defendants will be dismissed for misjoinder or failure to state a claim.

I.

Ryan applies to proceed in forma pauperis. His prisoner account statement shows a zero balance. (ECF No. 2). The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re*

1

*Prison Litigation Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), provides prisoners the opportunity to make an initial partial filing fee and pay the remainder in installments. *See Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

Under the PLRA, a federal court may dismiss a case if on three or more previous occasions a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999). The three strikes provision of the PLRA prohibits a prisoner who has had three prior suits dismissed for being frivolous from proceeding in forma pauperis in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003).

Ryan is a three-striker. Nevertheless, the Sixth Circuit has previously found that Ryan's complaints about the provision of medical services and accommodations are sufficient to state the "imminent danger" exception to the three-strikes rule. *See Ryan v. G. Robert Cotton Corr.*, et al., No. 20-1305 (6th Cir. Dec. 8, 2020).

Accordingly, Ryan is granted permission to proceed in forma pauperis and an order setting the terms of his IFP status will be issued separately.

II.

A.

This is not the first action Ryan has filed in this Court challenging the adequacy of the medical care he is receiving by the MDOC. Recently, in *Ryan v. Michigan*, E.D. Mich. No. 20-12502, Plaintiff filed a 700-page complaint that named more than 360 defendants challenging his

2

care from 2010 onward. In February 2021, the Court ordered Ryan to file an amended complaint complying with Federal Rule of Civil Procedure 8(a)'s requirement that a complaint set forth a "short and plain statement of the claim." FED. R. CIV. P. 8(a)(2)-(3). *See* No. 20-12502, ECF No. 11.

On September 29, 2021, after filing numerous motions, Ryan eventually filed an amended complaint. The amended complaint was 350 pages long, concerned events at twelve prisons over twelve years, and increased the number of defendants to 429. *Id.*, ECF No. 21. The Court summarily dismissed the amended complaint for failing to comply with Rule 8, and because Ryan's vague and conclusory allegations failed to state a conspiracy claim. *Id.*, ECF No. 23. Ryan's appeal was dismissed for want of prosecution. *Ryan v. Michigan*, No. 22-1048 (6th Cir. Oct. 12, 2022).

B.

Ryan filed his current complaint on December 12, 2022. His now pared-down 276-page complaint names 63 defendants and asserts that each defendant violated his Eighth Amendment rights by ignoring approximately 20 pre-existing medical conditions, and they are all engaged in a conspiracy to deny him medical care and accommodations. The complaint spans Ryan's stay at 13 different facilities from 2010-2020.

Ryan lists numerous medical conditions he suffers from: presbyopia, periodontal disease, hearing loss, diabetes, cervical disc degeneration, hypertension, hyperlipidemia, constipation, cervicalgia, sleep apnea, myopathy, depression, anxiety, personality disorder, disorder of the skin, testicular pain, cellulitis, ingrown nail, otitis media, vertigo, COVID-19, and vitamin D deficiency. He claims that he suffered from most of these ailments when he arrived at prison, and that they are either being ignored or inadequately addressed by his MDOC medical care

3

providers. He asserts that the providers have also conspired together to deny him care and accommodations. (ECF No. 1, PageID.30-32.)

The complaint first makes allegations against four non-individual defendants. Ryan asserts that the State of Michigan itself was notified about the lack of care, yet it fails to act. He asserts that the State has condoned or approved of a general policy to ignore inmates' pre-incarceration medical conditions. (*Id.* PageID.36.) Ryan similarly asserts that defendant Corizon Healthcare Inc. was notified of his conditions, but they too condoned, promulgated, or approved of a policy or practice to ignore pre-incarceration medical conditions. (*Id.* PageID.38-39.) The complaint makes identical allegations against defendant MDOC, (*Id.* PageID.40-41), and Wellpath. (*Id.* PageID.42-43.)

The complaint then turns to the allegations made against 59 individual health care providers. As far as the Court can determine, the allegations made against each individual defendant are identical or nearly identical. Ryan asserts that each defendant saw him on specified dates, and that he informed each provider of his pre-existing medical conditions. He asserts that each defendant thereafter refused to acknowledge the conditions, refused to treat them, refused to order his prior medical records, and refused to enter his complaints in his electronic medical record. Plaintiff asserts that these actions led to the worsening of his conditions and other harm. Again, the allegations as to each individual defendant appears to be identical or nearly identical, with Ryan merely filing-in the different dates of service with respect to each one. (*See, e.g., Id.* PageID.44-48).

In an attempt to state a claim for conspiracy, Ryan asserts that each defendant performed overt acts, consisting of: ignoring his medical conditions, failing to record pain scores and complaints on his medical record, minimizing his self-reported pain, advising him to continue

4

ineffective treatments, misadvising him to exercise, failing to provide an effective treatment plan, informing him to use ineffective compresses, omitting from the medical record his falls, and failing to prescribe adequate pain medication. Ryan claims that each defendant falsely accused him of faking or malingering, though they were subjectively aware of his actual suffering. Finally, he claims that each defendant refused to refer him for necessary specialist care. (*See, e.g.*, *Id.* PageID.44-48).

The complaint repeats the allegations against each individual defendant, spanning the following locations and dates:

| Defendant | Prison (District) | Dates |
|---|---|---|
| Samelson<br>Bonefeld<br>Westcomb | Alger (WDMI) | 1/15, 4/16-10/18 |
| Nyquist<br>Oh | Baraga (WDMI) | 1/15-2/15 |
| Kanduski<br>Wijyagunaratne<br>Buskirk<br>Millette | Saginaw (EDMI) | 4/15-9/15 |
| Falk<br>Pascoe | Marquette (WDMI) | 2/16-6/16 |
| Gail Burke<br>Behler<br>Truesdell | Bellamy Creek (WDMI) | 6/1-9/15 |

5

| | | |
|---|---|---|
| Walke<br><br>Bradley<br><br>Woodin<br><br>Johnson<br><br>Hammond | | |
| Crompton | Oaks (WDMI) | 2/18-3/18 |
| Jenkins<br><br>Levy-Lebeau<br><br>Ducatt<br><br>Ansari<br><br>Wolcott<br><br>Boomershine<br><br>Clark | Egler (EDMI) | 12/10-3/12 |
| Spitiers<br><br>Abdellatif<br><br>Maker | Brooks (WDMI) | 3/11-5/11, 1/18 |
| Jindel<br><br>Greiner | Harrison (EDMI) | 2/19-4/19 |
| Spurling<br><br>Simon<br><br>Holmes<br><br>Brault | Carson City (WDMI) | 9/15-12/17 |
| Jamsen<br><br>Austin | Cotton (EDMI) | 4/18-4/20 |

| | | |
|---|---|---|
| Herro<br><br>Wright<br><br>Hallet<br><br>Bale | | |
| Buller<br><br>Kennerly<br><br>Garlach<br><br>Rose<br><br>Czop<br><br>Dozeman<br><br>Houle | Ionia (WDMI) | 3/12-7/15 |
| Borgerding<br><br>Pandya<br><br>Kerstein<br><br>Steive<br><br>Blessman<br><br>McIntyre<br><br>Coleman<br><br>Chapin | Lansing (WDMI)1 | 9/11-11/18 |
| Paquetie<br><br>Buchanan | Chippewa (WDMI) | 10/15-11/15, 11/18-1/19 |

---

[1] There is no MDOC prison facility in Lansing. Nevertheless, Plaintiff provides a Lansing address for these defendants, and the body of the complaint does not assert where these medical providers treated Plaintiff.

III.

A.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citation omitted). This notice pleading standard does not require "detailed" factual allegations, but does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative

8

level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

B.

The Court starts with Ryan's claim that all 63 defendants are engaged in a conspiracy to deny him medical care and accommodations. To state a conspiracy claim under § 1983, a plaintiff must show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his or her civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Ryan fails to allege sufficient facts in his complaint to state a claim for conspiracy. It is not enough for Plaintiff to assert in conclusory terms that there is a conspiracy and that his medical providers' refusal to treat and accommodate his medical conditions in over a dozen facilities over the course of ten years suggests a single plan to deny him care. Plaintiff does not allege any facts indicating, for example, that the defendants at different prisons ever directly communicated with one another or that they shared some common desire to conspire against him. *See Amadasu v. Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008)(complaint failed to allege facts sufficient to indicate "'any sort of 'meeting of the minds' or to link any of the alleged conspirators in a conspiracy to deprive him of his civil rights."); *Cox v. Ashcroft*, 603 F. Supp. 2d 1261, 1271 (E.D. Cal. 2009)(same). The "vague and conclusory allegations unsupported by material facts" provided in Plaintiff's complaint do not suffice to state a claim for conspiracy. *Spadafore*, 330 F.3d at 854.

Ryan offers nothing more than the vague, conclusory assertion that the defendants are acting in concert. It is devoid of factual allegations suggesting there is an actual agreement between the defendants. *See Twombly*, 550 U.S. at 556 (stating a claim for conspiracy under the Sherman Act "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made"). Without such specific factual allegations, Plaintiff fails to assert a sufficient basis to establish any sort of single agreement or to link any of the alleged conspirators in a conspiracy to deprive him of his civil rights. *See, e.g., Walton v. Doaks-Robertson*, 2020 U.S. App. LEXIS 6415 (6th Cir. Feb. 28, 2020).

The complaint therefore fails to state a conspiracy claim.

10

C.

Without a viable claim for conspiracy, what remains in the complaint is Plaintiff's claim that each defendant violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs by failing to treat him and failing to provide accommodations for his medical conditions. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). But because the allegations concern dozens of medical providers who saw Plaintiff at over a dozen different facilities over the course of ten years, the issue of improper joinder arises.

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, and Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) states: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party."

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009)(internal quotation omitted). When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "'the time period during which the alleged acts occurred; whether the acts ... are related; whether more than one act ... is alleged; whether the same

11

supervisors were involved, and whether the defendants were at different geographical locations.'" *Id*. (quoting *Nali v. Mich. Dep't of Corr.*, No. 07-10831, 2007 U.S. Dist. LEXIS 92547, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).

Permitting improper joinder in a prisoner civil rights action also undermines the purpose of the PLRA, which is to reduce the large number of frivolous prisoner lawsuits. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation ... 'by making all prisoner [litigants] ... feel the deterrent effect created by liability for filing fees.'" *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997)(quoting *Jackson v. Stinnett*, 102 F.3d 132, 136-137 (5th Cir. 1996)).

Here, Ryan's claims are not sufficiently transactionally related to warrant joinder. To be sure, Ryan claims that all the defendants are denying him care for the same conditions, but the appointments or consultations occurred over the course of more than a decade at thirteen different prisons. That is, the alleged acts of deliberate indifference occurred during different time periods, conceivably involved different supervisors, and the defendants were located at different facilities scattered across Michigan. The complaint, for example, does not assert that each defendant continued to have any personal involvement in Ryan's medical care once he arrived at each new facility. Nor are any of the medical providers alleged to have played any role in Ryan's care or lack of care before he arrived at their facility.

Numerous courts have found that where, as here, an inmate brings claims of deliberate indifference to his medical needs against prison officials at different prisons, the claims are not properly joined in a single action. *See, e.g., Fiorito v. Anderson,* No. 18-00506, 2018 WL

12

4657171, 2018 U.S. LEXIS 165727 (C.D. Cal. Sep. 24, 2018); *Peterson v. United States*, No. 14-134, 2015 WL 278093 at *7, 2015 U.S. Dist. LEXIS 7461 at *17 (E.D. Ky. Jan. 22, 2015); *Fisher v. United States*, No. 14-6499, 2015 WL 5723638 at *11-12, 2015 U.S. Dist. LEXIS 131689 (C.D. Cal. June 18, 2015); *Sheffield v. Rios*, No. 09-01851, 2012 WL 928717 at *5, 2012 U.S. Dist. LEXIS 36804 at *12-13 (E.D. Cal. Mar. 19, 2012).

Under Rule 21 of the Federal Rules of Civil Procedure, however, "[m]isjoinder of parties is not a ground for dismissing an action." *Id*. Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572-73 (2004)("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time ....'")(quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988)("[D]ismissal of claims against misjoined parties is appropriate.").

The Court therefore will exercise its discretion under Rule 21 and dismiss without prejudice to the institution of new lawsuits by Ryan against all the defendants not located at the Saginaw Correctional Facility, the first facility mentioned in the complaint located in the Eastern District of Michigan. The improperly joined and dismissed defendants include: (1) Samelson, (2) Bonefeld, (3) Westcomb, (4) Nyquist, (5) Oh, (6) Falk, (7) Burke, (8) Behler, (9) Crompton, (10) Jenkins, (11) Levy-Lebeau, (12) Ducatt, (13) Ansari, (14) Wolcott, (15) Boomershine, (16) Spitiers, (17) Abdellatif, (18) Maker, (19) Jindel, (20) Greiner, (21) Spurling, (22) Simon, (23) Holmes, (24) Jamsen, (25) Austin, (26) Herro, (27) Wright, (28) Buller, (29) Kennerly, (30)

Garlach, (31) Rose, (32) Borgerding, (33) Pandya, (34) Kerstein, (35) Steive, (36) Blessman, (37) McIntyre, (38) Czop, (39) Hallet, (40) Bale, (41) Paquetie, (42) Buchanan, (43) Truesdell, (44) Walker, (45) Clark, (46) Pascoe, (47) Brault, (48) Dozeman, (49) Houle, (50) Bradley, (51) Woodin, (52) Johnson, (53) Hammond, (54) Coleman, and (55) Chapin. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

The Court dismisses the Alger and Baraga defendants and not the Saginaw ones—though the Alger and Baraga defendants are named first in the complaint—because venue over those defendants (and the other defendants located at WDMI facilities) is not proper in this District. The determination of the proper venue for a civil action in federal court is generally governed by 28 U.S.C. § 1391. Relevant here, the statute provides that a civil action may be brought in (1) a judicial district in which any defendant resides; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. 1391(b)). The Court will therefore retain the claims against the four defendants located at the Saginaw facility (Kanduski, Wijyagunaratne, Buskirk, and Millette), which is the first facility mentioned in the complaint that is located within the Eastern District of Michigan.

If Plaintiff wishes to procced with his claims against the improperly joined Defendants, he may do so by filing new civil actions in the appropriate District Court.

### D.

Next, the complaint names the State of Michigan and the MDOC as defendants. These defendants will also be dismissed. Regardless of the form of relief requested, States and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101

14

(1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g., Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010). Therefore, Plaintiff's claims against the MDOC are properly dismissed on grounds of immunity.

In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002)(citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771.

Therefore, Plaintiff's claims against the State of Michigan and the MDOC will be dismissed for failure to state a claim.

E.

Finally, the complaint names Corizon Healthcare Inc. and Wellpath as defendants. Private entities which contract with the state to perform a traditional state function like providing healthcare to inmates—like Corizon and Wellpath—can "be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993)(quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). The requirements for a valid § 1983 claim against a municipality apply equally to private corporations that are deemed state actors for purposes of § 1983. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001)(recognizing that the

holding in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), has been extended to private corporations); *Cox v. Jackson*, 579 F. Supp. 2d 831, 851-52 (E.D. Mich. 2008)(same).

"Under 42 U.S.C. § 1983, while a municipality can be held liable for a constitutional violation, there is no vicarious liability based on the acts of its employees alone." *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020)(citing *Monell*, 436 U.S. at 690-91). Instead, a municipality "can be sued under § 1983 only when a policy or custom of that government caused the injury in question." *Id*. (citations omitted). "[T]he finding of a custom or policy is the initial determination to be made in any municipal liability claim." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). Further, the policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005)(citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)).

A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the governmental body's officers. *Monell*, 436 U.S. at 690. A "custom" is a practice "that has not been formally approved by an appropriate decision maker," but is "so widespread as to have the force of law." *Board of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)(citations omitted). Consequently, because the requirements for a valid § 1983 claim against a municipality apply equally to Corizon and Wellpath, their liability, "must also be premised on some policy [or custom] that caused a deprivation of [a prisoner's] Eighth Amendment rights." *Starcher*, 7 F. App'x at 465. Additionally, Corizon and Wellpath's liability in a § 1983 action cannot be based on a theory of respondeat superior or vicarious liability. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989)(citation omitted).

Ryan contends in wholly conclusory terms that Corizon and Wellpath had a practice or custom of ignoring and ineffectively treating inmates' pre-existing medical conditions. (ECF No. 1, PageID.38-39, 42-42.) The complaint is devoid of any facts, however, suggesting the existence of such a policy or custom. As the United States Supreme Court has instructed, to demonstrate that a municipality had an unlawful custom, a plaintiff must show that the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "A plaintiff may not simply include a *Monell* claim in [his] complaint as a matter of course by making the conclusory allegation that the alleged constitutional deprivations were due to a policy or custom of the municipality. Rather, Plaintiff must allege some actual facts suggesting as much." *Sistrunk v. City of Hillview*, 545 F. Supp. 3d 493, 501 (W.D. Ky. 2021)(cleaned up)(collecting cases). The complaint lacks factual allegations establishing a widespread pattern constituting a policy or custom.

Where a plaintiff fails to allege facts showing that a policy or custom existed, dismissal of the action is appropriate. *See Maxwell v. Corr. Med. Servs., Inc.*, 538 F. App'x 682, 692 (6th Cir. 2013)(a court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice" to state a claim under *Monel.*); *Rayford v. City of Toledo*, No. 86-3260, 1987 U.S. App. LEXIS 1600, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 U.S. App. LEXIS 26358, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993)(affirming dismissal of § 1983 action when plaintiff's allegation of a policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere

17

conclusory statements, do not suffice." (citation omitted)). Because Plaintiff fails to state a § 1983 claim against Corizon or Wellpath, the Court will dismiss them as defendants.

IV.

For the reasons stated,

IT IS ORDERED that defendants (1) Samelson, (2) Bonefeld, (3) Westcomb, (4) Nyquist, (5) Oh, (6) Falk, (7) Burke, (8) Behler, (9) Crompton, (10) Jenkins, (11) Levy-Lebeau, (12) Ducatt, (13) Ansari, (14) Wolcott, (15) Boomershine, (16) Spitiers, (17) Abdellatif, (18) Maker, (19) Jindel, (20) Greiner, (21) Spurling, (22) Simon, (23) Holmes, (24) Jamsen, (25) Austin, (26) Herro, (27) Wright, (28) Buller, (29) Kennerly, (30) Garlach, (31) Rose, (32) Borgerding, (33) Pandya, (34) Kerstein, (35) Steive, (36) Blessman, (37) McIntyre, (38) Czop, (39) Hallet, (40) Bale, (41) Paquetie, (42) Buchanan, (43) Truesdell, (44) Walker, (45) Clark, (46) Pascoe, (47) Brault, (48) Dozeman, (49) Houle, (50) Bradley, (51) Woodin, (52) Johnson, (53) Hammond, (54) Coleman, and (55) Chapin are DISMISSED WITHOUT PREJUDICE for misjoinder under Rule 21.

IT IS FURTHER ORDERED that defendants (1) State of Michigan, (2) Michigan Department of Corrections, (3) Corizon Healthcare Inc., (4) Wellpath are DISMISSED for Plaintiff's failure to state a claim under § 1915(e)(2)

IT IS FURTHER ORDERED that the case will proceed against defendants (1) Kanduski, (2) Wijyagunaratne, (3) Buskirk, and (4) Millette.

Dated: March 3, 2023                s/Sean F. Cox
                                    Sean F. Cox
                                    U. S. District Judge