UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,
     Plaintiff,
     v.

STATE OF MICHIGAN, *et al*.,
     Defendants.

_____/

Case No. 22-13002

Sean F. Cox
Chief United States District
Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON PLAINTIFF'S FIRST
<u>AMENDED COMPLAINT</u>**

## I.    BACKGROUND

Plaintiff Sean Ryan filed this prisoner civil rights case without the assistance

of counsel on December 12, 2022.  (ECF No. 1).  On March 3, 2023, the Court

issued an Order dismissing all but four individual defendants for misjoinder and

for failure to state a claim.  (ECF No. 9).  Plaintiff filed an amended complaint as

of right on October 16, 2023.  (ECF No. 34).  This report and recommendation

screens that complaint for any claims or defendants who should be dismissed.

## II.    ANALYSIS AND RECOMMENDATIONS

### A.    <u>Governing Standards</u>

Because Plaintiff is proceeding *in forma pauperis* and this is a prisoner civil

rights case, his amended complaints is subject to screening under 28 U.S.C. §

1915(e) and 42 U.S.C. § 1997e.  The screening process was created to identify any

frivolous claims or for which relief cannot be granted and to dismiss those

claims.  When a plaintiff is proceeding in forma pauperis, "the court shall dismiss

the case at any time if the court determines that . . . the action or appeal. . . fails to

state a claim on which relief may be granted."  28 U.S.C. § 1915e(2)(B)(ii).

The dismissal standard of Federal Rule of Civil Procedure 12(b)(6)

described in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs failure

to state a claim under § 1915(e)(2).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir.

2010).  "[A] complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed

factual allegations," but it must contain more than "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action").  Facial plausibility is

established "when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678.  "The plausibility of an inference depends on a host of

considerations, including common sense and the strength of competing

explanations for the defendant's conduct."  *16630 Southfield Ltd., P'Ship v.

Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

As explained in the Court's March 2023 Order, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  That said, even in pleadings drafted by pro se parties, "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him.  Neither may the Court 'conjure up unpled allegations[.]'"  *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

B.    Discussion

Plaintiff's complaints have a history of being dismissed in whole or in part for failure to set forth a short and plain statement of his claims as required in Fed. R. Civ. P. 8.  The original complaint here consisted of 276 pages and named 63

defendants.  He asserted that each defendant violated his Eighth Amendment rights by ignoring his many preexisting conditions.  He also alleged that all defendants engaged in a conspiracy to deny him medical care and accommodation.  The events alleged occurred at 13 facilities from 2010 to 2020.  Plaintiff alleged claims against non-individual defendants State of Michigan, Corizon Healthcare Inc., Wellpath, and Michigan Department of Corrections, and 59 individual corrections and healthcare defendants.

Plaintiff's amended complaint is 290 pages with exhibits, against 73 defendants (including the 63 from the original complaint).  The added defendants are YesCare (connected to defendant Corizon), Grand Prairie (purportedly a healthcare service company), and individually named defendants.  Like the original complaint, he alleges that the defendants separately and as part of a conspiracy were deliberately indifferent to his medical conditions and pain management since 2010 and across several facilities in violation of the Eighth Amendment.  (ECF No. 34, PageID.943-44).

The substance of the allegations is unchanged from the original complaint. An addition to the facts is that the State of Michigan and Michigan Department of Corrections created a Pain Management Committee designed to provide prisoners like Plaintiff adequate pain management and medical care, but the Defendants failed to follow that charter.  (*Id.* at PageID.958-66).

The conspiracy claim was dismissed in March 2023 for failure to sufficiently plead the claim. That claim fares no better in the amended complaint. In this complaint, Plaintiff alleges that the Defendants conspired by refusing to acknowledge Plaintiff's medical conditions, refusing to provide medical care, causing him to be placed in segregation, causing him to receive misconducts for disobeying order, and being part of a concerted effort to deny pain management. (*Id.* at PageID.968-72). He asserts that the conspiracy resulted in a "meeting of the minds" to torture him. (*Id.* at PageID.972). To state a conspiracy claim under § 1983, a plaintiff must show, not merely conclude: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his or her civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). As earlier explained to Plaintiff, a conspiracy claim must be pleaded with particularity, and vague and conclusory allegations unsupported by material facts are insufficient. (ECF No. 9, PageID.794) (citing *Twombly*, 550 U.S. at 565).

Plaintiff's allegations about a conspiracy are insufficient. As with the original complaint, he merely concludes that there is a conspiracy and that all the Defendants acted in concert to refuse treatment. There are still no allegations that, for example, the defendants communicated between facilities about a plan to deprive Plaintiff of adequate care. "Without such specific factual allegations,

Plaintiff fails to assert a sufficient basis to establish any sort of single agreement or to link any of the alleged conspirators in a conspiracy to deprive him of his civil rights." (*Id.* at PageID.795). Thus, the complaint fails to state a conspiracy claim, so it should be dismissed. What remains are the claims against each Defendant for deliberate indifference to serious medical needs.

In the March 2023 Order partially dismissing the case, the Court addressed the claim that each Defendant violated Plaintiff's Eighth Amendment rights. The Court discussed the rules about claim and party joinder. It explained that "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (internal quotation omitted). Courts decide whether claims arise from the same transaction or occurrence by considering various factors, such as the period during which the events alleged occurred, whether the acts are related, and whether the defendants were at different locations. (*See* ECF No. 9, PageID.796-97).

Having reviewed the amended complaint, the undersigned finds that Plaintiff has again misjoined parties as in the original complaint. The description of the claims in the March 2023 Order applies equally to this complaint:

> Here, Ryan's claims are not sufficiently transactionally related to warrant joinder. To be sure, Ryan claims that

all the defendants are denying him care for the same
conditions, but the appointments or consultations
occurred over the course of more than a decade at
thirteen different prisons. That is, the alleged acts of
deliberate indifference occurred during different time
periods, conceivably involved different supervisors, and
the defendants were located at different facilities
scattered across Michigan. The complaint, for example,
does not assert that each defendant continued to have any
personal involvement in Ryan's medical care once he
arrived at each new facility. Nor are any of the medical
providers alleged to have played any role in Ryan's care
or lack of care before he arrived at their facility.

(ECF No. 9, PageID.797).

Plaintiff asserts that joinder of the defendants is proper here because there is

a continuing violation and all the claims arise out of the same transaction or

occurrence.  (ECF No. 34, PageID.943, ¶ 11).  His conclusory assertion, however,

does not alter defect in the pleading created by alleging violations at the hands of

different defendants, spanning over a decade and at different locations.

Because Plaintiff again asserted claims against defendants from different

facilities that are not transactionally related, Plaintiff misjoined parties.  The Court

had dismissed all the individual defendants except those who worked at the

Saginaw Correctional Facility for misjoinder.  It chose the Defendants from

Saginaw because that was the first prison listed in the complaint that is in the

Eastern District of Michigan.

The undersigned suggests a different outcome.  Troubling to the undersigned is consideration of the statute of limitations and how it applies to Plaintiff's claims spanning over a decade.  The statute of limitations for § 1983 claims brought in Michigan is three years.  *See Dixon v. Michigan Dep't of Corrs.*, 2024 WL 186074, at *3 (E.D. Mich. Jan. 17, 2024).  "Where a plaintiff subject to § 1915(e) files a case outside of the statute of limitations, *sua sponte* dismissal is appropriate." *Tippins v. Caruso*, No. 2015 WL 11256570, at *4 (E.D. Mich. Sept. 1, 2015) (citing *Day v. E.I. Du Pont de Nemours & Co.*, 165 F.3d 27, 27 (6th Cir. 1998)) ("Where a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)(B).").

Plaintiff filed the original complaint on December 12, 2022.  Strict application of the statute of limitations would render untimely all claims that occurred before December 12, 2019, which encompasses most claims.  On screening the original complaint, the Court kept the Saginaw Defendants— Kanduski, Buskirk, Wijagunaratne, and Millette.  The amended complaint is less clear on who worked where.  In the amended complaint, Plaintiff appears to assert that Defendants Angela Rose and Melody Chapin also worked at the Saginaw facility.  (ECF No. 34, PageID.952).  He says they were at "correctional facility SRF," which refers to the Saginaw Correctional Facility.  Because he doesn't say

otherwise, the undersigned assumes the defendants named as Saginaw Defendants in the original complaint are Saginaw Defendants in the amended complaint, too. In the amended complaint, Plaintiff lists the dates he was housed at each facility and the Defendants there who allegedly failed to adequately care for his medical needs. He alleges he was at Saginaw Correctional Facility from March 25, 2015, to October 12, 2015. These dates fall outside the statute of limitations.

The statute of limitations begins to run "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500-01 (6th Cir. 2001). In some circumstances, the statute of limitations can be tolled. Pursuant to the "continuing violation doctrine," the statute of limitations does not begin to run so long as the wrong which forms the basis of a particular claim is ongoing. *See Hensley v. City of Columbus*, 557 F.3d 693, 697 (6th Cir. 2009). A "continuing violation" exists where: (1) the defendant engages in continuing wrongful conduct; (2) injury to the plaintiff accrues continuously; and (3) had the defendant at any time ceased his wrongful conduct, further injury would have been avoided. *Id.*

The doctrine does not save Plaintiff's pre-December 2019 claims. Similar to the issue with joining defendants from different facilities and different time periods, Plaintiff's claims are about what each Defendant did at each facility that was deliberately indifferent to his needs. Having rid the amended complaint of the

9

conspiracy claim, there is no longer a claim that the Defendants worked together to continue to violate Plaintiff's Eighth Amendment rights.  "A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation."  *Eidson v. Tenn. Dep't of Child. Servs.,* 510 F.3d 631, 635 (6th Cir. 2007).

To illustrate the applicability of the doctrine to this case, *Bruce v. Correctional Medical Services, Inc.*, 389 F. App'x 462 (6th Cir. 2010), is helpful. There, the prisoner plaintiff injured his knee while working a prison job.  A doctor recommended surgery on the knee, but instead he was given pain medication and crutches.  Almost two years later, the plaintiff underwent surgery, but the surgery failed to improve his symptoms.  He continued to experience pain until a knee replacement was performed five years after the injury.  He alleged that the medical services company was deliberately indifferent to his need for knee repair surgery for five years and the delay in performing the knee surgery caused him to have a full knee replacement.  *Id.* at 463-64.  The court found the continuing violation doctrine inapplicable because "[a]ctual actions by [the defendant] of refusing medical care represent discrete unlawful acts (beyond passive inaction) that trigger the statute of limitations."  *Id.* at 467.

Plaintiff's claims are not unlike the claims in *Bruce*—failure to adequately care for an ailment over time.  The failure to adequately care consists of discrete

10

acts by each defendant refusing care.  Moreover, as is the issue with joinder of all the parties in this case, Plaintiff's claims are against defendants at different facilities.  The acts or lack of action of one Defendant in one facility is irrelevant to the actions of another Defendant at another facility; they are separate acts. "Where, as here, factual allegations against any Defendant are particularly thin, and where the actions occurred at multiple facilities over multiple years, Plaintiff fails to demonstrate that any particular Defendant's wrongful conduct continued into the statutory period."  *Vandiver v. Prison Health Servs., Inc.*, 2014 WL 2115264, at *10 (W.D. Mich. May 21, 2014).

The Sixth Circuit generally disapproves of applying the continuing-violation doctrine in civil rights actions.  *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir.2003) (stating that the Sixth Circuit "employs the continuing violations doctrine most commonly in Title VII cases, and rarely extends it to § 1983 actions").  This is because of the nature of civil rights cases compared to employment discrimination cases.  Continuing violations in the § 1983 context must be akin to hostile-work environment claims where the harm "cannot be said to occur on any particular day" and individual incidents are not actionable on their own.  *Goldsmith v. Sharrett*, 614 F. App'x 824, 828-29 (6th Cir. 2015) (citing *Nat'l R.R. Passenger Corporation v. Morgan*, 536 U.S. 101, 115 (2002)). Plaintiff's claims do not fall into that category.

11

There are a set of Defendants against whom the claims are timely.  Last in the list of dates, defendants, and violations in the amended complaint are the Defendants who were at "JCF," the G. Robert Cotton Correctional facility in Jackson, Michigan.  He alleges that on or around "4/9/19 through 3/12/12," Scott Holmes, Dion Wright, Unknown Watson, Alexis Rogers, Meline Bala or Bale (illegible), Victoria Hallat, Frederick Harro, Kristin Austin, Charles Jamsen, and "unknown others" failed to properly care for his medical needs.  (ECF No. 34, PageID.956-57).  The undersigned assumes that the reference to "3/12/12" is a typographical error and he instead meant March 12, 2022.  This is the last set of dates in the pleading.  The claims against these Defendants are the only claims that fall within the statute of limitations.  Defendants Jamsen, Rogers, Holmes, Watson, Bala/Bale, Hallat, Harro are new to the amended complaint.

Courts must be careful when severing claims or defendants not to drop a party and leave the plaintiff with adverse statute of limitations consequences. *DirectTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *see also Gresham v. Napel*, 2016 WL 11476970, at *2-3 (W.D. Mich. July 21, 2016).  Dismissing all non-JCF parties causes a statute of limitations problem, but that problem would not be solved by keeping all those Defendants in this case; the claims against those are subject to dismissal for untimeliness.

Plaintiff is not suing one set of defendants for inadequate medical care from 2010 to today.  Each grouping of Defendants from each facility is alleged to have been deliberately indifferent to Plaintiff needs while Plaintiff was housed in those facilities.  For this reason, the undersigned concludes that only those claims raised against the G. Robert Cotton Defendants—Scott Holmes, Dion Wright, Unknown Watson, Alexis Rogers, Meline Bala or Bale (illegible), Victoria Hallat, Frederick Harro, Kristin Austin, Charles Jamsen—from December 12, 2019 to March 12, 2022, are timely.  Since the G. Robert Cotton Correctional Facility is in the Eastern District of Michigan, the undersigned suggests the Court exercise its discretion to keep these Defendants in this case and dismiss the remainder.

The non-individual defendants should also be dismissed.  For the reasons explained in the prior Order, Defendants State of Michigan and Michigan Department of Corrections should be dismissed because they are protected by sovereign immunity.  (*See* ECF No. 9, PageID.799-800).

Last, Plaintiff named Corizon, YesCare (Corizon's successor), Wellpath, and Grand Prairie as defendants.  These are alleged to be private entities that contract with the state to provide healthcare to inmates.  These entities, as explained, are treated as municipalities in § 1983 lawsuits.  *See Starcher v. Corr. Med. Sys., Inc*., 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978), has been extended to

private corporations).  Liability against these entities must hinge on a policy or custom that caused the injury.  *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020).  The Court explained to Plaintiff that "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the governmental body's officers.  *Monell*, 436 U.S. at 690.  A "custom" is a practice "that has not been formally approved by an appropriate decision maker," but is "so widespread as to have the force of law."  *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (citations omitted).

Throughout the amended complaint, Plaintiff asserts that these entities had a policy, custom, or practice of ignoring medical conditions and refusing to properly care for inmates.  (*See, e.g.*, ECF No. 34, PageID.965, ¶ 34; PageID.981, at ¶ 89-90; PageID.9825, at ¶ 91; PageID.984, at ¶ 93).  But Plaintiff failed to allege facts *showing* that a policy or custom existed.  This failure warrants dismissal of the municipal defendants.  *See Philpott v. City of Stow*, 2024 WL 22101, at *2 (N.D. Ohio Jan. 2, 2024) (The plaintiff "has not alleged facts sufficient to support a plausible *Monell* claim.  He does not identify a specific policy or custom of the City of Stow or allege facts indicating how such policy was connected to the conduct of the various Stow police officers of which he complains.); *Simmons v. Cnty. of Wayne*, 2023 WL 7449840, at *13 (E.D. Mich. Sept. 11, 2023), *report and recommendation adopted*, 2023 WL 6807001 (E.D. Mich. Oct. 16, 2023) ("the

plaintiff must comply with *Twombly's* and *Iqbal's* pleading requirements, meaning that she must allege facts sufficient to identify the specific policy, custom, or acquiescence, and mere conclusory assertions are not enough."). Because Plaintiff failed to state a claim against the municipal defendants, they should be dismissed.

As mentioned, Plaintiff alleges the Defendants failed to comply with policy promulgated by the Pain Management Committee. To the extent that he asserts a claim to relief for failure to comply with the policy, the claim should be dismissed because such claims are not compensable in § 1983 actions. *Hursey v. Anderson*, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) ("claims related to violations of prison policies do not state a constitutional violation[.]").

In conclusion, the undersigned recommends that Defendants <u>except</u> Scott Holmes, Dion Wright, Unknown Watson, Alexis Rogers, Meline Bala or Bale (illegible), Victoria Hallat, Frederick Harro, Kristin Austin, Charles Jamsen be **DISMISSED** for misjoiner and/or failure to state a claim. The undersigned further recommends that the conspiracy and failure to follow the Pain Management Committee policies claims be **DISMISSED**. The only remaining claim is the Eighth Amendment deliberate indifference claim.

If this report and recommendation is adopted, the undersigned will direct Plaintiff file an amended pleading laying out the discrete allegedly unlawful

actions by JCF officials.  The undersigned will then direct that service of process be effected on the remaining defendants against whom Plaintiff states valid claims.

## III.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the claims in Plaintiff's amended complaint be **DISMISSED** as to all Defendants except Scott Holmes, Dion Wright, Unknown Watson, Alexis Rogers, Meline Bala or Bale (illegible), Victoria Hallat, Frederick Harro, Kristin Austin, and Charles Jamsen, and all claims be dismissed except the Eight Amendment deliberate indifference claim.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 28, 2024.          s/Curtis Ivy, Jr.
                                   Curtis Ivy, Jr.
                                   United States Magistrate Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on February 28, 2024.


                                   s/Sara Krause
                                   Case Manager
                                   (810) 341-7850