UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,

    Plaintiff,

v.                                                          Case No. 22-13002

STATE OF MICHIGAN, *et al.*,              Sean F. Cox
                                                        United States District Court Judge

    Defendants.
_____/

## ORDER
## ADOPTING 2/28/24 REPORT AND RECOMMENDATION

Acting *pro se*, Plaintiff Sean Michael Ryan ("Plaintiff") filed this action on December 12, 2022, along with an application to proceed *in forma pauperis*, which this Court granted. (ECF No. 9).

Because Plaintiff is proceeding *in forma pauperis*, the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(b)(2) ("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted.").

On March 27, 2023, this Court referred this matter to the magistrate judge for all pretrial proceedings. (ECF No. 15).

On October 16, 2023, Plaintiff filed his First Amended Complaint. (ECF No. 34).

On February 28, 2024, Magistrate Judge Curtis Ivy, Jr. issued a Report and Recommendation ("R&R") wherein he recommended that the claims in Plaintiff's amended complaint be **DISMISSED** as to all defendants except Scott Holmes, Dion Wright, Unknown Watson, Alexis Rogers, Meline Bala or Bale (illegible) Victoria Hallat, Frederick Harro, Kristin

1

Austin, and Charles Jamsen, and that all claims be dismissed except the Eighth Amendment Deliberate indifference claim. (ECF No. 41, PageID.1224).

The matter is now before this Court on Plaintiff's objections to the magistrate judge's R&R. (ECF No. 41). Plaintiff filed a timely response to the objections. (ECF No. 44). Defendants did not file a response.

Pursuant to Fed. R. Civ. P. 72(b), this Court reviews *de novo* any part of the magistrate judge's R&R that has been properly objected to. This Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Plaintiff makes sixteen[1] objections to the magistrate judge's R&R. (ECF No. 44). Many of Plaintiff's objections are overlapping or repetitive. Plaintiff's objections fall into three categories: (i) that the Magistrate Judge did not construe the Complaint liberally as required (objections 1 and 5); (ii) the Magistrate Judge's interpretations of the claims themselves were incorrect (objections 2, 8–9, and 14–17); and (iii) the Magistrate Judge's Dismissal of Defendants was improper or incorrect (objections 6, 10–13, and 18). (*Id.*)

First, Plaintiff argues that the Magistrate Judge did not liberally construe Plaintiff's case as required. (ECF No. 44, PageID.1229–30). Specifically, Plaintiff argues that if the Magistrate Judge *had* construed his Complaint liberally, he would have found that the Defendants did in fact communicate between facilities and that that communication constituted a conspiracy. (*Id.* at PageID.1229–32).

Second, Plaintiff argues that the Magistrate Judge incorrectly interpreted Plaintiff's claims. Specifically, Plaintiff argues (a) that there was in fact a continuing violation of Plaintiff's

---

[1] Plaintiff skips objections 3, 4, and 7, and has two objections labeled "Objection 14".

rights by Defendants; (b) that Plaintiff successfully alleged that there was a conspiracy by Defendants; (c) that Plaintiff successfully showed that a custom or policy existed; (d) that his claim was that Defendants violated the 8th Amendment and *not* as the Magistrate Judge states that Defendants failed to comply with pain management committee policy; (e) that the Magistrate Judge did not address Plaintiff's failure to train and supervise claims; and (f) that none of Plaintiff's claims should be dismissed. (ECF No. 44).

Finally, Plaintiff argues that none of the Defendants should be dismissed because Plaintiff properly alleged there was ongoing communication between Defendants (*Id.* at PageID.1236), that the actions of Defendants at different facilities were not in fact separate acts (*Id.* at PageID.1242), that the claims against all defendants were timely (*Id.* at PageID.1243), that Plaintiff is in fact suing one set of Defendants (*Id.*), that he can join Defendants across multiple facilities (*Id.* at PageID.1247–48), and that none of the Defendants are entitled to dismissal on the basis of sovereign immunity. (*Id.* at PageID.1244).

The Court disagrees with Plaintiff's objections and concurs with the Magistrate Judge's analysis and conclusions in his R&R.

Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ORDERS** that the February 28, 2024, R&R is **ADOPTED.**

**IT IS SO ORDERED.**

Dated: May 2, 2024          s/Sean F. Cox
         Sean F. Cox
         U. S. District Judge