UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,                              Case No. 22-13002
    Plaintiff,
    v.                                        Sean F. Cox
                                  Chief United States District Judge

STATE OF MICHIGAN, *et al*.,
    Defendants.                                 Curtis Ivy, Jr.
_____/                United States Magistrate Judge


**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR INJUNCTIVE RELIEF (ECF No. 46)**


**I.      Discussion**

      Before the Court is Plaintiff Ryan's motion for injunctive relief directing the

Defendants to provide Plaintiff with access to the law library.  (ECF No. 46).  For

the reasons explained below, the motion for injunctive relief should be **DENIED**.

      In his motion, Plaintiff explains the difficulty he has using the laptops in the

law library.  Because of his spinal condition, he needs the screen to be at eye level.

For a time, non-party librarian Klum provided a box on which to place the laptop.

But after Plaintiff's hunger strike, Klum stopped providing a box, resulting in

Plaintiff no longer being able to conduct legal research.  (ECF No. 46,

PageID.1254).  Klum also limited Plaintiff to four sheets of carbon paper a week

for his litigation needs, which is insufficient.  (*Id.* at PageID.1254-55).  Klum

refuses to make copies of Plaintiff's legal documents. (*Id.* at PageID.1255). Finally, Plaintiff says that the prison will no longer re-ink typewriter ribbon spools, so when he runs out of ink he will be unable to file legible motions. (*Id.*).

Plaintiff asks the Court to order former defendants Michigan Department of Corrections and State of Michigan to (1) enroll him in the legal writer program, (2) provide him copies of his exhibits, (3) provide him with at least 15 sheets of carbon paper at a time, (4) provide him with 150 sheets of paper, and (5) a cardboard box to elevate the laptop. (*Id.* at PageID.1255-56).

The motion should be denied because the actions and parties complained of in the motion are unrelated to the actions and parties complained of in the complaint. Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders ("TRO"). The decision to grant or deny injunctive relief falls solely within the discretion of the district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). In the Sixth Circuit, the "same factors [are] considered in determining whether to issue a TRO or preliminary injunction." *Id.*; *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (applying the same factors to a preliminary injunction). In exercising its discretion, a court must consider whether plaintiff has established these elements: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the

injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014). Plaintiff, as the moving party, bears the burden of demonstrating entitlement to injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Preliminary injunctions are not favored, and a movant is not necessarily entitled to relief, even if the movant has shown likelihood of success on the merits. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943-44 (2018).

This court has held that an injunction "should not issue when it deals with a matter lying wholly outside the issues in the suit." *Corsetti v. Hackel*, 2012 WL 4955275 (E.D. Mich. Sept. 26, 2012) (internal quotation marks omitted). A motion for preliminary injunctive relief is not the proper method for plaintiff "to use in an attempt to address other issues unrelated to his original complaint." *Hendricks v. Hazzard*, 2013 WL 2635729, at *3 (S.D. Ohio June 12, 2013); *see also Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010) ("A basic showing necessary for obtaining a preliminary injunction is that there must be some relationship between the conduct giving rise to the claims in the complaint and the injury sought to be prevented by the motion for preliminary injunctive relief.").

In the amended complaint, Plaintiff alleged that the defendants separately and as part of a conspiracy were deliberately indifferent to his medical conditions and pain management since 2010 and across several facilities in violation of the Eighth Amendment.  (ECF No. 34, PageID.943-44).  He alleged that the State of Michigan and Michigan Department of Corrections created a Pain Management Committee designed to provide prisoners like Plaintiff adequate pain management and medical care, but the Defendants failed to follow that charter.  (*Id.* at PageID.958-66).

The motion complains of issues related to access to the law library and legal resources, naming a non-party as the person denying him this access.  Because the motion deals with matters outside the complaint, it should be denied.

## II.     Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that the claims in Plaintiff's motion for injunctive relief (ECF No. 46) be **DENIED**.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date:  July 29, 2024.                              s/Curtis Ivy, Jr.
                                                   Curtis Ivy, Jr.
                                                   United States Magistrate Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on July 29, 2024.

s/Sara Krause
Case Manager
(810) 341-7850