UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SEAN MICHAEL RYAN,<br>　　Plaintiff,<br>　　v.<br><br>STATE OF MICHIGAN, *et al.*,<br>　　Defendants.<br>_____/ | Case No. 22-13002<br><br>Sean F. Cox<br>Chief United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

# ORDER DENYING MOTION FOR RULE 54(b) JUDGMENT (ECF No. 48)

On May 2, 2024, the Court adopted the undersigned's report and recommendation to dismiss a majority of the defendants and some claims. (ECF Nos. 41, 45). Specifically, the Court dismissed Plaintiff's conspiracy claim, dismissed a majority of individually named defendants for misjoinder under Fed. R. Civ. P. 21, and dismissed the municipal defendants for failure to state a *Monell* claim against them. Plaintiff now moves for entry of final judgment as to the dismissals under Fed. R. Civ. P. 54(b) because he wants to pursue an appeal of those dismissals. (ECF No. 48).

Rule 54(b) provides that when multiple parties are involved in an action, "the court may direct entry of a final judgment as to one or more, but fewer than all . . . parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The rule is intended "'to strike a balance between

the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants.'" *Good v. Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir. 1997) (quoting § 2654 Purpose and Significance of Rule 54(b), 10 Fed. Prac. & Proc. Civ. § 2654 (4th ed.)).

Before addressing the merits of the motion, there is an area of uncertainty—how Rule 54(b) works with parties dismissed or severed as misjoined under Rule 21. This scenario has been addressed in the Fifth Circuit; it appears that the Sixth Circuit has yet to do so. The Fifth Circuit explained that severed claims become a separate lawsuit. "By contrast, Rule 54(b) certification has no purpose other than to make *final* a given adjudication which would otherwise be nonfinal by reason of, but only by reason of, the continued presence in the same suit of other undisposed of claims or parties. Only a *fully adjudicated whole claim* against a party may be certified under Rule 54(b)." *Sidag Aktiengesellschaft v. Smoked Foods Prod. Co.*, 813 F.2d 81, 84 (5th Cir. 1987) (emphasis in original). The claims against the misjoined defendants were not adjudicated. Thus, there is no adjudication that the Court could say is final. The Supreme Court's discussion of Rule 54(b) affirms this. The Court said that Rule 54(b) "is limited expressly to multiple claims actions in which 'one or more but less than all' of the multiple claims have been finally decided and are found otherwise to be ready for appeal."

2

*Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 743 (1976) (citation omitted); *see also* § 2656 When a Judgment Under Rule 54(b) Can Be Entered—In General, 10 Fed. Prac. & Proc. Civ. § 2656 (4th ed.) ("On the other hand, if the court severs claims that initially are filed in a single action, then Rule 54(b) does not apply if one of the severed claims subsequently is dismissed."). This authority suggests that a Rule 54(b) judgment is impossible as to the individual defendants who were severed under Rule 21.

Rule 54(b) may be possible on the conspiracy claim and dismissal of the municipal defendants because they were not severed under Rule 21.

Certification of final judgment on part of a case is a two-step process. First, the Court must "expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case." *Carpenter v. Liberty Ins. Corp.*, 850 F. App'x 351, 353 (6th Cir. 2021) (citation omitted). Next, "the district court must expressly determine that there is no just reason to delay appellate review." (*Id.*). There is a non-exhaustive list of factors to consider when making a Rule 54(b) determination:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5)

> miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986) (citation omitted). The Sixth Circuit warned that "Rule 54(b) is not to be used routinely or as a courtesy or accommodation to counsel[.]" *Id.* (internal citations omitted). Instead, "[t]he power which this Rule confers upon the trial judge should be used only in the infrequent harsh case as an instrument for the improved administration of justice." *Id.*

Beginning with the municipal defendants, there is no relationship between the claims against them and the claims remaining against the remaining defendants. *See Lowery v. Fed. Exp. Corp.*, 426 F.3d 817, 822 (6th Cir. 2005) ("the interrelationship of the claims themselves weighs heavily *against* certification under Rule 54(b).") (emphasis added). The remaining defendants are individual corrections or healthcare employees accused of failing to adequately treat Plaintiff's medical needs. Issues of municipal liability will not be addressed, so there is little chance that future developments would impact appellate review. The reviewing court would not address municipal liability a second time should Plaintiff appeal a decision on the individual defendants. The conspiracy claim is

4

also unrelated to the remaining claim. True, Plaintiff alleged conspiracy to violate the Eighth Amendment, and what remains is the Eighth Amendment claim. But proving a conspiracy is different from proving a violation of the Eighth Amendment. There are wholly separate facts and legal analyses at play. As a result, there is little likelihood that the appellate court would review the conspiracy claim in two separate appeals.

These few factors somewhat favor Plaintiff's position. The fifth "factor" allows the Court to make other considerations. One such consideration is Plaintiff's reason to appeal now—delay will require him to file 12 separate lawsuits, which will be costly. This is not a sufficient reason to issue final judgment on the dismissed claims. The Sixth Circuit warned that "Rule 54(b) is not to be used routinely or as a courtesy or accommodation to [a party]." *Corrosioneering, Inc.*, 807 F.2d at 1283 (internal citations omitted). Instead, "[t]he power which this Rule confers upon the trial judge should be used only in the infrequent harsh case as an instrument for the improved administration of justice." *Id.*

Other factors balance against issuing final judgment because they do not present serious concerns or are not overly prejudicial to Plaintiff. For instance, though there will be some delay before a final adjudication, that delay is not on the order of many years, Plaintiff has asserted no economic or solvency concerns, and

an appeal on the adjudicated issues will not shorten the time of trial. A final consideration is the unlikelihood of success on appeal. As explained in the report and recommendation (ECF No. 41), Plaintiff did not adequately plead the conspiracy claim and offered no allegations suggesting municipal liability. Indeed, it is not clear that an appeal would be taken in good faith.

This is not one of the "infrequent harsh cases" that calls for early review of a decision on only part of a case. The motion for entry of Rule 54(b) judgment is **DENIED**.

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: July 29, 2024.                              s/Curtis Ivy, Jr.
                                                  Curtis Ivy, Jr.
                                                  United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on July 29, 2024.

                                                  s/Sara Krause
                                                  Case Manager
                                                  (810) 341-7850