UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,

    Plaintiff,                                       Case No. 22-cv-13002

v.

                                                            Hon. Sean F. Cox
STATE OF MICHIGAN ET AL.,             United States District Court Judge

    Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (ECF NO. 58) AND DENYING PLAINTIFF'S REQUEST FOR AN EMERGENCY INJUNCTIVE ORDER (ECF NO. 46)**

*Pro se* plaintiff Sean Ryan filed the operative complaint in this prisoner civil rights case, the first amended complaint ("FAC"), on October 16, 2023. (ECF No. 34). In nearly 300 pages, the FAC alleges misconduct by numerous entities and individuals in connection with Plaintiff's incarceration in Michigan correctional facilities. The Court referred all pretrial matters in this case to Magistrate Judge Curtis J. Ivy under 28 U.S.C. § 636(b)(1). (ECF No. 15).

On May 10, 2024, Plaintiff, who is currently incarcerated at the Thumb Correctional Facility ("TCF") in Lapeer, Michigan, moved for preliminary injunctive relief under Federal Rule of Civil Procedure 65. (ECF No. 46). Plaintiff asks the Court to enjoin TCF staff from failing to enroll him in TCF's "Legal Writer Program" and failing provide him with sufficient paper and a computer chair. (*Id.* at 1255).

Magistrate Judge Ivy issued a report and recommendation ("R&R") on Plaintiff's Rule 65 motion on July 29, 2024, which recommends that the Court deny Plaintiff's motion. (ECF No. 58). The deadline for objecting to the R&R has passed, and no party has filed any objections.

1

The R&R is thus ripe for review, and the Court rules on it without a hearing. For the reasons below, the Court accepts the R&R and denies Plaintiff's Rule 65 motion.

Because Plaintiff moves for injunctive relief, the Court reviews the R&R de novo. *See Roland v. Johnson*, 856 F.2d 764, 768–69 (6th Cir. 1988); *see also* § 636(b)(1) (addressing referrals of "motion[s] for injunctive relief" to magistrate judges).

Rule 65 permits this Court to "issue a preliminary injunction." Fed. R. Civ. P. 65(a)(1). "The purpose of [the] interim equitable relief [authorized by Rule 65] is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (third alteration in original) (emphasis added) (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

Here, the FAC does not discuss the misconduct that Plaintiff now alleges in his Rule 65 motion. In other words, there is no "relationship between the injury claimed in [Plaintiff]'s motion and the conduct asserted in the complaint." *Id.* (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)). Rule 65 does not authorize the relief that Plaintiff seeks, and thus his Rule 65 motion should be denied.

Accordingly, **IT IS ORDERED** that the Report and Recommendation to Deny Plaintiff's Motion for Injunctive Relief (ECF No. 58) is **ADOPTED** to the extent that it recommends that the Court deny Plaintiff's Request for an Emergency Injunctive Order for the Defendants to Provide Plaintiff with Usable Access to the Law Library and Ancillary Services (ECF No. 46).

**IT IS FURTHER ORDERED** that Plaintiff's Request for an Emergency Injunctive Order for the Defendants to Provide Plaintiff with Usable Access to the Law Library and Ancillary Services (ECF No. 46) is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 3, 2024

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on September 3, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/J. McCoy
Case Manager