UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,                          Case No. 22-13002

        Plaintiff,                      Sean F. Cox
v.                                          Chief United States District Judge

                                        Curtis Ivy, Jr.
STATE OF MICHIGAN, *et al.*,                United States Magistrate Judge

        Defendants,
_____/

**ORDER DENYING MOTIONS (ECF No. 60; ECF No. 63; ECF No. 70; and ECF No. 75) AND ORDERING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

## I.      BACKGROUND

Plaintiff Sean Ryan filed this prisoner civil rights case without the assistance of counsel on December 12, 2022.  (ECF No. 1).  The Court granted Plaintiff *in forma pauperis* ("IFP") status.  (ECF No. 9).  Following an Order from the Court dismissing all but four individual defendants for misjoinder and for failure to state a claim, (*id.*), Plaintiff filed an amended complaint as of right on October 16, 2023.  (ECF No. 34).  After screening the amended complaint, the undersigned recommended the dismissal of all defendants except for those individuals who treated or interacted with Plaintiff during his incarceration at the G. Robert Cotton Correctional facility ("JCF") from April 9, 2019 through March 12, 2022.  (ECF

1

No. 41, PageID.1224).  The undersigned further recommended the dismissal of all

claims except for Plaintiff's Eighth Amendment deliberate indifference claim.

(*Id.*).  The Court adopted the undersigned's Report & Recommendation ("R&R")

on May 2, 2024.  (ECF No. 45).

Eight of the nine remaining individual defendants—Scott Holmes, Dion

Wright, Alexis Rogers, Melanie Bale, Victoria Hallet, Frederick Herro, Kristin

Austin, and Charles Jamsen—now move to revoke Plaintiff's IFP status for failure

to satisfy the "imminent danger" exception to the "three strikes" rule under 28

U.S.C. § 1915(g).  (ECF No. 60, PageID.1329-34 as to Defendants Herro, Bale,

and Rogers; ECF No. 70, PageID.1380-84 as to Defendants Jamsen, Wright,

Austin, Holmes, and Hallet).  Defendants also move to dismiss the complaint for

violating Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No.

60, PageID.1311-12; ECF No. 70, PageID.1360-61).[1]

In response to the Defendants' motions, Plaintiff initially requested sanctions

against Defendants Herro, Bale, Rogers, and their counsel.  (ECF No. 63,

PageID.1346-47).  Plaintiff did not make a similar request regarding the remaining

movants.  (ECF No. 74).  On November 1, 2024, however, Plaintiff moved to

---

[1] As the movants raise the same grounds for IFP revocation and dismissal of the complaint, the undersigned will refer to them collectively here as "Defendants" unless otherwise specified.  That said, Defendant Watson has not joined either motion nor made an appearance in this case.

supplement his response to Defendants Herro, Bale, and Rogers's motion to dismiss, citing recent hospitalizations.  (ECF No. 75, PageID.1404).  Although the undersigned has not addressed this motion, it appears that Plaintiff has not reiterated his sanctions request.  (*Id.* at PageID.1404-07).

The District Judge referred all pretrial proceedings to the undersigned.  (ECF No. 15).  For the following reasons, the Court **DENIES** the motions to revoke Plaintiff's IFP status.  And the Court **ORDERS** Plaintiff to file an amended complaint consistent with the instructions in this Order, **DENIES** Defendants' motions to dismiss as moot, **DENIES** Plaintiff's motion to supplement as moot, and **DENIES** Plaintiff's request for sanctions.

## II.    ANALYSIS

### A.    Defendants' Motion to Revoke Plaintiff's IFP Status

Under 28 U.S.C. § 1915(g), a prisoner cannot prosecute a new civil action with IFP status if he has had three previous lawsuits dismissed "in a court of the United States . . . on the grounds that [they were] frivolous, malicious, or fail[] to state a claim . . . ."  The prospective plaintiff could only proceed IFP if there was "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Plaintiff does not contest that he is a so-called "three-striker" (ECF No. 63, PageID.1344-46; ECF No. 74, PageID.1401-02); in fact, the Court has already deemed him so. (ECF No. 9, PageID.787).  Rather, the gravamen of the arguments is whether

3

Plaintiff satisfies the "imminent danger" exception to the "three strikes" rule—a ruling the Court initially made in Plaintiff's favor.  (*Id.*).

Stated succinctly, Plaintiff alleges that at the time of filing the complaint he suffered from a multitude of chronic pain conditions and that the Defendants refused to acknowledge the existence of such conditions.  (ECF No. 34, PageID.940-41).  He also alleges that he has not and is not receiving any treatment for these conditions considering their absence from his Michigan Department of Corrections ("MDOC") Electronic Medical Records ("EMR").  (*Id.* at PageID.941-42).  As a result, Plaintiff alleges that he has been and continues to suffer from "severe untreated pain" that could result in "paralysis, death, heart attack, diabetic kanoacidosis, stroke, and more . . . ."  (*Id.* at PageID.940; *see also id.* at PageID.941 (asserting Plaintiff is "under threat of further spinal injury, death, suicide, severe pain, further physical deter[ior]ation, heart attack, and more.")).  Lastly, Plaintiff asserts that the failure to provide previously prescribed medications contributes to his severe pain and places him in imminent danger of serious physical injury.  (*Id.* at PageID.942).

Defendants' arguments for revocation are twofold: (1) Plaintiff's allegations of "imminent danger" are too conclusory to permit IFP status; and (2) Plaintiff is not in "imminent danger" because he has received some medical treatment for his chronic medical conditions and merely disagrees with the adequacy of such

treatment.  (ECF No. 60, PageID.1329-34; ECF No. 70, PageID.1380-84).  As neither of the Defendants' contentions are persuasive, their respective motions are **DENIED.**

> 1.   Governing Standards

The Sixth Circuit's decision in *Vandiver v. Prison Health Services* provides the controlling legal standards for the imminent danger exception.  727 F.3d 580 (6th Cir. 2013).  "'The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading.'"  *Id.* at 585 (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)).  The plaintiff thus need only allege imminent danger—he does not need to "'affirmatively prove those allegations.'"  *Id.* (quoting *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012)).  Courts are also to liberally construe the allegations of *pro se* plaintiffs.  *Id.* (citing *Vasbinder*, 416 F. App'x at 562).

To prevail, plaintiffs must show that "'the complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed a complaint.'"  *Id.* (quoting *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)).[2]  Allegations of past harm are insufficient.  Rather, the threat must "be

---

[2] The Court acknowledges Plaintiff's transfer from JCF to Thumb Correctional Facility in June 2024.  (ECF No. 50, PageID.1286).  As *Vandiver* instructs, however, the relevant timeframe for an assessment of Plaintiff's imminent danger allegations is "*the time he filed [his amended]*

real and proximate" at the time of filing the complaint. *Id.* (citing *Rittner v. Kinder*, 290 F. App'x 796 797 (6th Cir. 2008)) (internal quotation marks omitted). The allegations cannot be "conclusory or ridiculous, or . . . clearly baseless." *Id.* (citing *Rittner*, 290 F. App'x at 798) (internal quotation marks omitted). Mere complaints disagreeing with the adequacy of one's treatment are similarly deficient. *Rittner v. Weidman*, No. 2:11-cv-0826, 2011 WL 4712008, at *3 (S.D. Ohio Oct. 6, 2011).

The Sixth Circuit has also defined the meaning of "serious physical injury" under the statute. *See Gresham v. Meden*, 938 F.3d 847 (6th Cir. 2019). "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Id.* at 850 (citing *Vandiver*, 727 F.3d at 587). As relevant here, the *Vandiver* Court held that failure to treat chronic illnesses and the resulting severe pain satisfied the "serious physical injury" requirement. *Vandiver*, 727 F.3d at 587 ("[A]n individual afflicted with a chronic illness that left untreated would result in a serious injury faces imminent danger when the illness is left untreated."). There, the Sixth Circuit remanded with instructions to grant the plaintiff IFP status considering the alleged failure to treat

---

*complaint*." *Vandiver*, 727 F.3d at 585 (emphasis added). As Plaintiff resided at JCF at the time of filing the amended complaint, (ECF No. 34, PageID.909), his treatment at JCF is what remains relevant to the following analysis.

Vandiver's diabetes and hepatitis C which had resulted in the partial amputations of both feet. *See id.* at 583-84, 589.

Compare the situation in *Vandiver* to that in *Tucker v. Corizon Corr. Health Care*, No. 18-1725, 2019 WL 2713289 (6th Cir. Apr. 22, 2019). In the latter case, the plaintiff claimed he satisfied the imminent danger exception; in support of this claim, plaintiff alleged that defendants failed to provide adequate medical treatment for his chronic ailments, namely diabetes and hepatitis C. *See id.* at *2. On appeal, the Sixth Circuit affirmed the denial of IFP status. *See id.* As medical records submitted with plaintiff's complaint referenced various treatments for his chronic conditions, the court reasoned that he was not in imminent danger of serious physical injury. *See id.* ("[Plaintiff] asserted nothing more than a disagreement with the medical treatment he has received.").

Indeed, to successfully plead the imminent danger exception for the inadequate treatment of various chronic medical conditions, the plaintiff need only allege the failure to treat just one such ailment. In *Ware-Mustapha v. Dixon*, the plaintiff suffered from, among other things, a kidney condition for which a specialist recommended a specialty diet. No. 23-5605, 2024 WL 1505089, at *1 (6th Cir. Apr. 3, 2024). Citing *Vandiver* and identifying defendants' failure to provide the suggested diet, the Sixth Circuit held that the plaintiff was in imminent danger of serious physical harm and therefore could proceed IFP on remand. *Id.* at

*2.  Similar reasoning applied in *Bostic v. Tennessee Dep't of Corr.*, No. 3:18-cv-00562, 2018 WL 3539466 (M.D. Tenn. July 23, 2018).  Because the plaintiff alleged that he had received no treatment for his COPD (just one of several chronic medical conditions), the district court determined that he had pleaded facts sufficient to infer that he was in imminent danger.  *See id.* at *3.  Likewise, the plaintiff in *Menefee v. M.D.O.C.* received IFP status under the imminent danger exception because he allegedly did not receive any treatment for chronic foot and eye problems aside from his diabetes.  No. 20-cv-13399, 2021 WL 3885821, at *2 (E.D. Mich. Aug. 31, 2021); *see also Hamby v. Parker*, 307 F. Supp. 3d 822, 826 (W.D. Tenn. 2018) (granting IFP status given defendants' failure to treat plaintiff's severe neuropathy and the resulting severe pain); *Freeman v. Collins*, No. 2:08-cv-00071, 2011 WL 1397594, at *6 (S.D. Ohio Apr. 12, 2011) (holding that failure to treat allegedly severe chronic pain may satisfy the imminent danger requirement under specific circumstances); *Perez v. Sullivan*, No. 05-C-711-C, 2005 WL 3434395, at *2 (W.D. Wisc. Dec. 13, 2005) (same).

The Plaintiff here received IFP status in previous litigation for apparently the same reason.  *See Ryan v. G. Robert Cotton Corr. Facility*, No. 20-1305, 2020 WL 9258300 (6th Cir. Dec. 8, 2020).  There, as here, Plaintiff argued that he satisfied the imminent danger exception.  Specifically, he alleged that he could suffer "'paralysis, further physical deter[ior]ation and even death'" for failure to

8

adequately treat his various chronic medical conditions. *See id.* at \*2. Finding that Plaintiff received treatment for only three of his twenty or so diagnosed chronic conditions at JCF, the Sixth Circuit concluded that he successfully pleaded that he was in imminent danger of serious physical injury. *See id.* at \*2-3 ("[Though] he received *some* medical care on a regular basis, nothing in the record indicates that Ryan is being treated for *all* of the various chronic medical conditions from which he claims to suffer.") (emphasis in original).

*Vandiver* and its development in this Circuit, therefore, make clear how Plaintiff can prevail on Defendants' motions: he must allege that he has received no treatment for all of his chronic medical conditions while incarcerated at JCF, the institution at which Plaintiff resided when he filed the amended complaint. (ECF No. 34, PageID.909). Thus, the relevant medical documents derive from the period between March 8, 2018 and mid-June 2018 and between April 9, 2019 and March 12, 2022.[3] (ECF No. 34, PageID.955, 956 (for dates); ECF No. 34-2, PageID.1143-72 (for relevant medical documents); ECF No. 34-2, PageID.1191-93 (for EMR as of October 12, 2022)). Upon review, this case proves to be a closer call than Plaintiff's previous lawsuit. The outcome, nevertheless, remains the same—Plaintiff is in imminent danger of serious physical injury.

---

[3] Plaintiff's amended complaint indicates he resided at JCF from March 8, 2018 to, apparently, June 19, 2018. The latter date, however, is not entirely legible. Accordingly, the undersigned will read the latter date as mid-June.

2.   Discussion

Plaintiff alleges that he suffers from "more than 30 serious medical conditions" for which he is not receiving medical treatment.  (ECF No. 34, PageID.940.)  In support of this contention, Plaintiff submitted more than 200 pages of corroborative medical records documenting his pre- and post-sentencing diagnoses.  (*See id.* at PageID.991-1007 (pre-incarceration); ECF No. 34-1, PageID.1008-15 (same); *id.* at PageID.1016-1107 (post-incarceration); ECF No. 34-2, PageID.1108-88 (same)).  To name a few, Plaintiff purportedly suffers from circumferential disc bulge, herniated discs in his spine, cervical myalgia, various spinal radiculopathies, adhesive capsulitis in both shoulders, cervical spondylosis without myelopathy, cervical and lumbar post laminectomy syndrome, lumbar disc with myelopathy, and degenerative disc disease.  (ECF No. 34, PageID.991; ECF No. 34-1, PageID.1016-1018).  Observing that many of his ailments are not included in JCF medical documents or listed on his EMR as a current chronic condition for which he is receiving treatment, Plaintiff complains that he has not and is not receiving any treatment.  (ECF No. 34, PageID.940-41).  As a result, he alleges that he is in severe pain and could experience additional pain, suffering, and even death.  (ECF No. 34, PageID.940-41).

Contrary to the Defendants' first argument, Plaintiff's allegations are not all "brief, conclusory, and unsupported."  (*See, e.g.*, ECF No. 60, PageID.1332).

Whether included as part of the patient history, diagnosis, or treatment plan, nearly all of the allegedly chronic conditions listed in Plaintiff's amended complaint have some corroboration in the submitted medical documents. While Plaintiff's claims of possible death lack a clear foundation in the limited record,[4] the same cannot be said of the allegations of further spinal injury, physical deterioration, and continued severe pain. Since initially suffering his injuries in the late 1990s (ECF No. 34-1, PageID.1058), Plaintiff's spinal condition has continued to decline. (*See, e.g.*, ECF No. 34-2, PageID.1154-55 (diagnosing degenerative disc disease, a protruded disc, and cervical spinal stenosis in June 2019). Such decline even prompted a prescription for a non-narcotic painkiller. (*Id.* at PageID.1159-64 (responding to the June 2019 diagnosis)).[5] Contextualized within more than a decade-long

---

[4] In Plaintiff's prior litigation, the Sixth Circuit found the allegations related to death more credulous considering JCF refused to treat non-emergent or non-urgent patients during the COVID-19 pandemic. *See Ryan v. G. Robert Cotton Corr. Facility*, No. 20-1305, 2020 WL 9258300, at *2 (6th Cir. Dec. 8, 2020) ("But the medical staff could not know if Ryan's chronic conditions posed an imminent threat to his life because they admittedly refused to see him."). Such is not the case here. Plaintiff has not shown that the previous restriction for emergent and urgent cases remains in place several years after the fact; the EMR even reflects that Plaintiff has received additional treatment in 2021 and 2022. (ECF No. 34-2, PageID.1191-93). So allegations related to possible death are conclusory and fail to satisfy the imminent danger exception.

[5] Compare this more contemporary prescription with what Plaintiff references in the amended complaint. (ECF No. 34, PageID.942). Plaintiff references an April 2008 document that indicates refilled prescriptions for Kadian, Cymbalta, and Vicodin ES; the same document also indicates a prescription for Lyrica. (*Id.* at PageID.1002-05). As MDOC personnel have not prescribed the same medications, Plaintiff claims he is in imminent danger. (*Id.* at PageID.942 (citing *Freeman v. Collins*, No. 2:08-cv-00071, 2011 WL 6339687 (S.D. Ohio Dec. 19, 2011)). Unlike the plaintiff in *Freeman* who filed his complaint a little more than a year after receiving his prescription, *see id.* at *12, more than ten years have elapsed between Plaintiff's 2008 prescriptions and the filing of the amended complaint. While Plaintiff's spinal condition has

crusade of chronic pain management, Plaintiff's spinal condition has only

worsened resulting in compounding pain and physical disability.  (*See* ECF No. 34,

PageID.940 (suggesting Plaintiff is now "wheelchair bound" in the amended

complaint); *see, e.g.*, ECF No. 34-2, PageID.1152 (observing in a MDOC

Consultation form that Plaintiff is "WC" bound and unable to walk—presumably,

"WC" suggests "wheelchair" bound)).

 "[U]ntreated or inadequately treated chronic medical conditions—from

which Ryan alleges to suffer—satisfy the imminent-exception requirement." *Ryan*

*v. G. Robert Cotton Corr. Facility*, No. 20-1305, 2020 WL 9258300, at *3 (6th Cir.

Dec. 8, 2020).  Plaintiff does not have to definitively prove that he suffers from

every listed chronic medical condition nor does he have to affirmatively prove the

severity of the pain from which he allegedly suffers.  *See Vandiver v. Prison Health*

*Servs.*, 727 F.3d 580, 585 (6th Cir. 2013).  Importantly, Defendants do not contest

in their respective motions that Plaintiff is not in pain or in as much pain as

alleged.  The corroborating medical documents therefore provide enough of a basis

to reasonably infer that Plaintiff suffers from a variety of chronic medical

conditions and that such injuries place Plaintiff in severe pain when untreated.  *See*

*id.* at 588 (disregarding defendant's argument that plaintiff's allegations were

---

declined, a claim that the same prescription is warranted is pure speculation.  Nothing in the
submitted medical records supports whether those same prescriptions are still appropriate or not
after so much time.  This claim is therefore conclusory and baseless.

conclusory given confirmative medical information detailing Vandiver's condition).

Equally uncompelling is Defendants' second argument.  In their respective motions, Defendants argue that Plaintiff cannot satisfy the imminent danger exception because he has received medical treatment for his chronic conditions and mere disagreement with the adequacy of such treatment is insufficient under the law.  (ECF No. 60, PageID.1332-34 (noting the treatment Plaintiff has received at JCF); ECF No. 70, PageID.1381-84 (same)).  In so arguing, however, the Defendants miss the forest for the trees.

The Defendants are correct in that Plaintiff has received medical care while incarcerated at JCF.  The EMR reveals that physicians at JCF have treated Plaintiff for various chronic and acute ailments in recent years.  (ECF No. 34-2, PageID.1191-93).  And yes, some of the treatment relates to Plaintiff's spinal injuries.  (*See, e.g.*, *id.* at PageID.1191 (including as current chronic conditions for which Plaintiff receives treatment cervical and lumbar disc degeneration and cervicalgia).  Several of the submitted medical records also reflect Defendant Herro's diagnosis and treatment of Plaintiff's cervical degenerative disc disease, disc protrusion, and moderate cervical spinal stenosis.  (*Id.* at PageID.1154-55; *id.* at PageID.1159-64 (observing that the Gabapentin prescription for pain also "somewhat controlled" Plaintiff's cervical and lumbar radiculopathies)).

13

Despite such care, Defendants do not submit that the previous treatments covered *all* of Plaintiff's alleged chronic medical conditions.  Mindful that the imminent danger exception is a pleading requirement that requires a liberal construction given Plaintiff's *pro se* status, Plaintiff has received care for *some*— but not *all*—of his alleged malaises.  In comparing the lists of diagnosed chronic conditions to the relevant JCF medical records and EMR, there are conditions present in the former but absent from the latter.  For example, circumferential disc bulge, herniated discs, carpal tunnel syndrome, active denervation, cervical spondylosis, dysesthesia, as well as cervical and lumbar post laminectomy syndrome are alleged chronic conditions diagnosed prior to Plaintiff's incarceration.  (ECF No. 34, PageID.991).  None, however, appear as chronic problems in the provided JCF medical records or the EMR.  Likewise, Plaintiff's lumbar disc with myelopathy, diagnosed after beginning his term of incarceration, does not appear in any of the documents related to his medical care at JCF.  (ECF No. 34-1, PageID.1016).

Defendants do not argue that the treatment provided also serves as care for Plaintiff's other afflictions; nor do Defendants assert that the EMR is not a comprehensive list of illnesses for which Plaintiff received treatment at the time of filing the amended complaint.  As in his previous litigation, Plaintiff has "received *some* medical care on a regular basis, [but] nothing in the record indicates that

14

Ryan is being treated for *all* of the various chronic medical conditions from which he claims to suffer." *Ryan v. G. Robert Cotton Corr. Facility*, No. 20-1305, 2020 WL 9258300, at *3 (6th Cir. Dec. 8, 2020).

As a result, Plaintiff's case falls within the same camp as *Vandiver*, *Ware-Mustapha*, *Bostic*, and *Menefee*. Just as in those cases, Plaintiff alleges he is in severe pain because of several, discrete, untreated chronic medical conditions. *See, e.g.*, *Vandiver v. Prison Health Servs.*, 727 F.3d 580, 587 (6th Cir. 2013) ("[A] plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g), as incremental harm that culminates in a serious physical injury may present a danger equal to harm that results from an injury that occurs all at once."). Several of those conditions do not appear on a list of current chronic conditions for which he received treatment at JCF at the time of filing the amended complaint. Nor do those conditions appear in medical records documenting Plaintiff's previous treatment at JCF. Taking well-pleaded facts as true, the complaint goes beyond mere disagreement with his treatment plan. Instead, Plaintiff has successfully pleaded that he did not receive medical treatment at JCF for all of his diagnosed chronic conditions at the time of filing the amended complaint.

In all, the Plaintiff has alleged facts from which the undersigned can reasonably infer that he (1) suffers from chronic medical conditions that inflict

severe pain when untreated; and (2) has not received medical treatment at JCF for all the chronic conditions that allegedly plague him at the time of filing.  Under *Vandiver* and the applicable law in this Circuit, Plaintiff was in "imminent danger of serious physical injury" at the time he filed the amended complaint.  For that reason, Defendants' respective motions to revoke Plaintiff's IFP status are **DENIED.**[6]

    B.    Defendants' Motions to Dismiss

    In their respective motions to dismiss Plaintiff's amended complaint, the Defendants raise the same arguments.  First, Defendants contend that Plaintiff's sprawling complaint—consisting of 290 pages with exhibits—violates Federal Rule of Civil Procedure 8.  (ECF No. 60, PageID.1322-23; ECF No. 70, PageID.1373-74).  *See* Fed. R. Civ. P. 8(a)(2) (requiring complaints to comprise of "a short and plain statement of the claim"); Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.").  Second, Defendants each assert that the amended complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 60, PageID.1324-29; ECF No. 70, PageID.1374-80).

---

[6] To be clear, a conclusion that Plaintiff is in "imminent danger" under 28 U.S.C. § 1915(g) is not the same as a conclusion that Defendants have violated Plaintiff's federal and state constitutional rights.

Plaintiff responds in two ways.  As for Defendants Herro, Bale, and Rogers, Plaintiff responds that any defects in the amended complaint stem from the "dismissal of 90% of Plaintiff[']s claims and Defendants in this case without ordering Plaintiff to amend the Complaint."  (ECF No. 63, PageID.1341).  In response to the remaining movants, Plaintiff states that the amended complaint is a verified complaint (that is, the equivalent of an affidavit), so he has created a genuine issue of material fact sufficient to prevail on this motion.  (ECF No. 74, PageID.1399-1401).[7]

Plaintiff's former contention has greater bearing on the disposition of this motion than the latter.[8]  After screening the amended complaint, the undersigned instructed the parties that he would "direct Plaintiff to file an amended pleading laying out the discrete allegedly unlawful actions by JCF officials" if the recommendation was adopted.  (ECF No. 41, PageID.1223-24).  The Court adopted the recommendation (ECF No. 45), and so the undersigned now orders Plaintiff to file an amended complaint.[9]

---

[7] In substance, this is the same argument Plaintiff wishes to add to his response to Defendants Herro, Bale, and Rogers.  (ECF No. 75, PageID.1404-06).

[8] Plaintiff's reference to a genuine dispute of material fact is misplaced.  Such a dispute is relevant when confronting a motion for summary judgment.  The Defendants here come before the undersigned in a different procedural posture—a motion to dismiss.

[9] Defendants Herro, Bale, and Rogers make a salient point in their reply brief: Plaintiff cannot move for leave to file an amended complaint as part of his arguments in response to the motion to dismiss.  (ECF No. 73, PageID.1393).  Indeed, local court rules state exactly that.  *See*

The Plaintiff is **ORDERED** to file an amended complaint consistent with the instructions in the February R&R by **January 22, 2025**.  Specifically, Plaintiff's amended complaint may only include as defendants those JCF officials who treated or interacted with Plaintiff from December 12, 2019 to March 12, 2022; that is: Scott Holmes, Dion Wright, Unknown Watson, Alexis Rogers, Melanie Bale, Victoria Hallet, Frederick Herro, Kristin Austin, and Charles Jamsen.  Furthermore, Plaintiff's complaint may consist only of the federal and state constitutional claims for deliberate indifference related to the alleged practice of denying narcotic pain medication to inmates with severe chronic pain who lack a cancer diagnosis.  Although the February R&R indicates that the "only remaining claim is the Eighth Amendment deliberate indifference claim," neither the R&R nor the Court's adoptive Order addressed the state constitutional claim (included under "Claim Four" in the amended complaint, (ECF No. 34, PageID.981)).  Therefore, Plaintiff may incorporate the state constitutional claim for deliberate indifference in the newly amended complaint.

Importantly, this means that Plaintiff *may not* include in the amended complaint the claim related to an alleged scheme to "deprive inmates . . . of needed

E.D. Mich. LR 7.1(i) ("Motions must not be combined with any stand-alone document.").  In any event, by ordering Plaintiff to file an amended complaint, the undersigned is acting pursuant to the Court Order that adopted the February R&R, not granting an improper motion for leave to file an amended complaint.

medical care and treatment for symptoms of or caused by chronic medical conditions." (ECF No. 63, PageID.1343). Failure to file an amended complaint consistent with these instructions may result in dismissal of the complaint. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."); *Kensu v. Corizon, Inc.*, 5 F.4th 646, 653 (6th Cir. 2021) ("[I]f a district court has offered multiple opportunities to fix the complaint and the plaintiff has persisted in noncompliance, then the harsh sanction of dismissal is appropriate.").

In light of the above reasoning, the undersigned **DENIES** Defendants' motions to dismiss and Plaintiff's motion to supplement as moot. *See Williams v. Kelly*, No. 07-10999, 2007 WL 2951303, at *1 (E.D. Mich. Oct. 10, 2007) (dismissing as moot a motion to dismiss "because the Complaint to which it is directed has been superseded by an [Order to file] an Amended Complaint.").

C.    Plaintiff's Request for Sanctions Against Defendants Herro, Bale, Rogers, and their Counsel

Without citing the Federal Rules of Civil Procedure, Plaintiff included in his response to Defendants Herro, Bale, and Rogers a request for sanctions in the amount of $20,000.00. (ECF. No. 63, PageID.1346-47). "Motions must not be combined with any stand-alone document." E.D. Mich. LR 7.1(i). Accordingly, Plaintiff's request is **DENIED.**

Finally, the Court acknowledges recent developments in *In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tex. Nov. 14, 2024).  Defendants filed a notice of stay on November 18, 2024, (ECF No. 76), explaining that their employer, Wellpath, LLC, petitioned for bankruptcy relief under Chapter 11. Included in their filing is copy of the bankruptcy court's November 14, 2024, Order regarding Wellpath's obligations and granting other relief.  (ECF No. 76-1). They rely on the bankruptcy proceeding and that Order to say that the case is stayed as to all defendants.  (ECF No. 76, PageID.1412-13).

Generally, only actions against the debtor are stayed during the pendency of a bankruptcy proceeding.  A stay can be extended to non-debtors such as Defendants "only if the debtor commences an adversary proceeding and obtains an extension of the stay and an injunction pursuant to § 105(a) of the Bankruptcy Code."  *In re Johnson*, 548 B.R. 770, 785 (Bankr. S.D. Ohio 2016).  Defendants did not provide another order from the bankruptcy court extending the stay that has been provided in other cases, *see Bowling v. Corizon Health Inc.*, 2024 WL 4982877, at *1 (E.D. Mich. Dec. 4, 2024), nor supported an extension of the stay by some other means.

Based on the information provided to the Court here, there is no basis to enter a stay of proceedings as to the Defendants.  The stay entered on November 21, 2024, is **LIFTED** without prejudice to Defendants seeking a stay with more

support.  That said, ordering Plaintiff to file an amended complaint does not disrupt the status quo here.  And doing so only complies with the instruction from the February R&R.  (ECF No. 41, PageID.1223-24 ("If this report and recommendation is adopted, the undersigned will direct Plaintiff [to] file an amended pleading . . . .")).

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: December 23, 2024          s/Curtis Ivy, Jr.
                                 Curtis Ivy, Jr.
                                 United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on December 23, 2024.

s/Sara Krause
Case Manager
(810) 341-7850