UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SEAN MICHAEL RYAN, | Case No. 22-13002 |
| Plaintiff, | Sean F. Cox |
| v. | Chief United States District Judge |
| | Curtis Ivy, Jr. |
| STATE OF MICHIGAN, *et al.*, | United States Magistrate Judge |
| Defendants, | |

_____/

**ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION (ECF No. 81)**

Plaintiff Sean Ryan filed this *pro se* prisoner civil rights case on December 12, 2022, (ECF No. 1), and is proceeding *in forma pauperis* (ECF Nos. 9, 79). He filed an amended complaint as of right on October 16, 2023. (ECF No. 34). After screening the amended complaint, the undersigned recommended the dismissal of all defendants except for those individuals who treated or interacted with Plaintiff during his incarceration at the G. Robert Correctional facility ("JCF") from April 9, 2019 through March 12, 2022. (ECF No. 41, PageID.1224). The undersigned further recommended the dismissal of all claims except for Plaintiff's deliberate indifference claims. (*Id.*). The February 2024 R&R also indicated that upon its adoption, "the undersigned w[ould] direct Plaintiff to file an amended pleading laying out the discrete allegedly unlawful actions by JCF officials." (*Id.* at

PageID.1223-24). The Court adopted that Report and Recommendation ("R&R") on May 2, 2024, (ECF No. 45), and the undersigned issued an Order for the amended pleading on December 23, 2024, (ECF No. 79).

Plaintiff now moves this Court to amend its December Order. (ECF No. 81). He suggests that the Court's earlier filings conflict with the facts of his case, and thus compliance with the December Order will prevent Plaintiff from fully litigating the alleged constitutional violations inflicted upon him. (*Id.* at PageID.1469-70). Specifically, Plaintiff urges that his deliberate indifference claims related to his imprisonment at JCF extend beyond the period from April 2019 to March 2022. Rather, the correct timeframe should be from March 8, 2018 to June 27, 2024. (*Id.* at PageID.1470). Plaintiff also moves this Court to amend its Order so that he may include another defendant, Aaron Fredette, someone who is not named in Plaintiff's amended complaint. (*Id.*).

Though Plaintiff styles his motion as one to amend this Court's Order, the undersigned will treat this as a motion for clarification considering the supposed conflicts between the amended complaint, the February R&R, and the December Order. To be clear from the outset, the Court will not amend its December Order in the manner Plaintiff seeks but will provide clarification. On that basis alone, the motion for clarification is **GRANTED**.

2

In providing this clarification, context is key.  The undersigned's February R&R screened Plaintiff's amended complaint.  As explained there, Plaintiff's amended complaint and any subsequent amended pleadings are "subject to screening under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e."  (ECF No. 41, PageID.1209-10).  And as the undersigned spelled out, "[t]he screening process was created to identify any frivolous claims or [claims] for which relief cannot be granted and to dismiss those claims."  (*Id.* at PageID.1210).

In conducting this screening process, the undersigned "suggest[ed] a different outcome" from what resulted from Chief Judge Cox's screening of Plaintiff's original complaint.  (*Id.* at PageID.1216).  At first, Chief Judge Cox dismissed all named defendants except for those from the Saginaw Correctional facility because of misjoinder.  (*See* ECF No. 9, PageID.796-99).  Upon screening Plaintiff's amended complaint, the undersigned's "different outcome" focused on the untimely nature of Plaintiff's claims.  (*See* ECF No. 41, PageID.1216-21).  For that reason, the undersigned identified the claims against the currently remaining defendants as timely because they fell within the limitations period of December 12, 2019 to December 12, 2022 (the date of the original complaint's filing).  (*Id.* at PagID.1216).  Specifically, the undersigned identified Plaintiff's deliberate indifference claims that occurred "on or around" April 9, 2019 and March 12, 2022 as alleged in the complaint.  (*Id.* at PageID.1220).

Crucially, the February R&R did not assess whether Plaintiff's amended complaint stated plausible Eighth Amendment claims upon which relief may be granted in the February R&R. And for good reason. Because the undersigned proposed a different outcome based on the statute of limitations and not misjoinder, the undersigned properly reserved a recommendation on the merits of those claims until Chief Judge Cox decided to adopt the February R&R. Hence, the undersigned's indication that he would only order service of process of the amended pleading on the "remaining defendants [e.g., the named JCF officials] against whom Plaintiff *states valid claims*." (*Id.* at PageID.1224) (emphasis added). In other words, the undersigned waited until Chief Judge Cox adopted his "different outcome," at which time the undersigned would permit Plaintiff to "lay[ ] out the discrete allegedly unlawful actions by JCF officials"—that is, the identified deliberate indifference claims—before opining on whether Plaintiff had sufficiently stated such claims.

The December Order is therefore fully consistent with the February R&R. To the extent that Plaintiff finds error in the April 2019 to March 2022 timeline from the February R&R, his contention comes too late here. Plaintiff's hook for his expanded timeline is that he requested damages until the date of filing his complaint in October 2023. But as drafted in the amended complaint, the timeline is not as clear as Plaintiff makes it out to be. In the amended complaint he refers to

4

the time "from on or about 4/9/19 though 3/12/[2]2 and on other dates" and that the alleged abuses continued until the date of filing. (ECF No. 34, PageID.956). The undersigned repeated the dates as specified in the amended complaint in the February R&R as they related the only discernible timeframe within the limitations period.

If this was an error, then Plaintiff had the opportunity to object, as explained in the February R&R. Plaintiff did not so object, and Chief Judge Cox adopted the February R&R. Accordingly, the Court ordered an amended pleading consistent with the adopted February R&R. Thus, in drafting his amended pleading, Plaintiff remains confined to the instructions in the December Order.

Even so, Plaintiff is not without avenues for relief. The December Order does not preclude him from submitting further amended pleadings; doing so would permit Plaintiff to address his additional time at JCF as well as any claims he may have against Aaron Fredette. But the Court greatly cautions Plaintiff should he decide to do so as he must still adhere to the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff would therefore need to seek leave of this Court to further amend his pleadings. *See* Federal Rule of Civil Procedure 15(a)(2). Plaintiff would also need to satisfy the requirements under Federal Rule of Civil Procedure 15(c)(1) if he aims to add previously unnamed defendants or previously unarticulated claims for conduct that occurred after December 12, 2022,

5

the outer bound of the limitations period. Plaintiff is cautioned further that adding any claims that predate the limitations period risk dismissal for untimeliness unless there is legal authority that renders such claims timely.

In all, the Court ordered Plaintiff to submit an amended pleading that is consistent with the terms of the February R&R. Plaintiff must still adhere to that Order when drafting his amended pleading. If he wishes to prosecute additional claims or defendants, he can submit a motion seeking leave to amend along with the proposed amended pleading. If he so wishes, Plaintiff must submit his filing **within 28 days** of this Order.

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: January 17, 2025        s/Curtis Ivy, Jr.
                              Curtis Ivy, Jr.
                              United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on January 17, 2025.

s/Sara Krause
Case Manager
(810) 341-7850