UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,

    Plaintiff,

v.

STATE OF MICHIGAN, *et al.*

    Defendants.

_____/

Case No. 2:22-cv-13002

Hon. Brandy R. McMillion
United States District Judge

Hon. Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER ADOPTING IN PART THE RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION SCREENING PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF NO. 99), SUSTAINING DEFENDANTS' OBJECTIONS (ECF NO. 101) AND SUMMARILY DISMISSING THE SECOND AMENDED COMPLAINT (ECF NO. 87)**

Plaintiff Sean Michael Ryan ("Ryan"), an inmate in the Michigan Department of Corrections ("MDOC"), brought this *pro se* civil rights action alleging Eighth Amendment deliberate indifference claims and related state constitutional claims for conduct occurring while he was housed at the G. Robert Cotton Correction Facility ("JCF") from December 19, 2019 to March 12, 2022. *See* ECF No. 87, PageID.1765. Ryan is proceeding *in forma pauperis* in this matter.  ECF Nos. 2, 9.  This case was originally assigned to the Honorable Sean F. Cox, who referred all pretrial matters to Magistrate Judge Curtis Ivy, Jr.  ECF No. 15.  On March 25, 2025, this case was

1

reassigned from Judge Cox to the undersigned.  The Court re-referred all pretrial matters to Judge Ivy.  ECF No. 90.

Upon the order of Magistrate Judge Ivy, Ryan filed a Second Amended Complaint on February 10, 2025, limiting his claims to against Defendants Scott Holmes, Dion Wright, Alexis Rodgers, Melanie Bale, Victoria Hallet, Frederick Herro, Kristen Austin, and Charles Jamsen.  *See* ECF Nos. 79, PageID.1443, ECF No. 83, PageID.1482; ECF No. 87.  Given Ryan's *in forma pauperis* status, Magistrate Judge Ivy screened the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).  On September 9, 2025, in a Report and Recommendation ("R&R"), Judge Ivy determined that "[w]hile close, . . . most—but not all—of the individual capacity claims under the Eighth Amendment and Michigan Constitution survive [the] initial screening without the benefits of adversarial briefing.  [But] because Plaintiff fails to state plausible claims against Defendants in their official capacities, those claims should be DISMISSED."  ECF No. 99, PageID.2232.

At the end of the R&R, the Magistrate Judge advised the parties that to seek review of his recommendation, they had to file specific objections with the Court within 14 days of service of the R&R.  *Id.* at PageID.2252-2253.  On September 23, 2025, Defendants Herro, Bale and Rogers (collectively, "Defendants") filed Objections to the R&R.  *See* ECF No. 101.  Ryan responded to those objections and Defendants filed a Reply.  *See* ECF Nos. 103, 104.

Having reviewed the record and considering Defendants' Objections *de novo*, the Court concludes that Defendants' objections warrant some disagreement with the Magistrate Judge's recommendation. Accordingly, the Court will **ADOPT IN PART** the recommended disposition of the R&R (ECF No. 99), **SUSTAIN** Defendants' Objections (ECF No. 101) and **SUMMARILY DISMISS** the Second Amended Complaint (ECF No. 87).

## I.

Ryan filed a Second Amended Complaint ("SAC") which, as instructed, limited his claims to Eighth Amendment deliberate indifference claims and related state-law claims that allegedly accrued during his time at the JCF from December 12, 2019 to March 12, 2022. *See generally* ECF No. 87. The defendants named in the Complaint were all employees of Corizon and/or Wellpath and provided medical services to inmates in MDOC. ECF No. 99, PageID.2232. As noted in the R&R:

> Plaintiff raises four claims in his SAC. Claims One and Two allege that Defendants' refusal to treat his various medical conditions amounts to deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment and the analogous provision of the Michigan Constitution. Claim Three is essentially a continuation of Claims One and Two; that is, Plaintiff asserts that because Defendants were deliberately indifferent to his serious medical needs, he has been denied special accommodations needed for him to participate in the activities of daily prisoner life. Claim Four is a combination of Claims One and Two—e.g., Defendants violated his constitutional rights because of their failure to treat his medical ailments. Lastly, because Plaintiff sues Defendants in their official capacities as well, he alleges that their unconstitutional deliberate indifference was the result of, essentially, a "no narcotics" custom or policy.

3

*Id.* at PageID.2236-2237 (internal citations and footnotes omitted).

Magistrate Judge Ivy found that while the SAC failed to state official capacity claims, "… the majority—but not all—of Plaintiff's individual capacity claims survive this initial screening." *Id.* at PageID.2239. Specifically, the R&R recommends dismissal of individual capacity claims against all Defendants predicated on [Ryan's] pre-incarceration diagnosis (lumbar post laminectomy syndrome) and claims based on Plaintiff's serious medical condition of "being totally incapacitated." *Id.* at PageID.2240-2241. It further recommends dismissal of "the claims based on [Ryan's] degenerative disc disease at C3- 4, moderate spinal stenosis at C3-4, effacement of the spinal cord, advanced right peroneal mixed axonal and demyelinating neuropathy, lumbago, adhesive capsulitis of the shoulder, paresthesia, cervical radiculopathy, and lumbar radiculopathy" as to Defendant Herro. *Id.* at PageID.2248. Finally, it recommends dismissal of Ryan's official capacity claims. *Id.* at PageID.2252. And recommends that all remaining individual capacity claims stand. *Id*.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.

4

R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). The Court need not undertake any review of portions of a report to which no party has objected. *See Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

### III.

Defendants lodge one objection to Magistrate Judge Ivy's R&R:

**Objection No. 1: The report and recommendation erred in accepting Plaintiff's collective acts arguments as stating a valid claim of deliberate indifference**.

ECF No. 101, PageID.2260. Defendants argue that Judge Ivy mistakenly accepted general "collective acts allegations" as a basis of Ryan's Eighth Amendment deliberate indifference claims. *Id.* Defendants argue that "Plaintiff must state a plausible constitutional violation against each individual defendant – the collective acts of defendants cannot be ascribed to each individual defendant." *Id*. at PageID.2261.

Given that Ryan is proceeding *pro se*, the Court must construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, *pro se* pleadings remain subject to screening and summary

dismissal. "The mandated liberal construction . . . means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented. . . ." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). Nor may the Court "'conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

A complaint doesn't need detailed factual allegations, but it must include enough facts to suggest a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put differently, complaints must contain enough factual matter, taken as true, to suggest that the claim is plausible. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when the facts allow a court to reasonably infer that the defendant is responsible for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

After review of the SAC, the Court fails to see what the individual defendants did as it relates to Ryan's deliberate indifference claims. In his Response, Ryan notes that his reference to "Defendants" was not meant to allege collective acts but simply

to shorten and simplify the Complaint to avoid continually writing all defendants names. ECF No. 103, PageID.2271. However, the SAC does not include any specific allegations as to each defendant. Magistrate Judge Ivy found that Ryan "allegedly told Defendants Holmes, Wright, Rodgers, Bale, Hallet, Austin, and Jamsen of his serious medical conditions which required treatment." *See* ECF No. 99, PageID.2245. And that as a result it is "fair to infer their awareness of Plaintiff's conditions" and "reasonable to conclude that Defendants ignored Plaintiff's serious medical conditions." *Id.* at 2245-2246. However, the Court is not convinced.

Allegations against Defendants, generally, is not enough to place each individual on notice of their alleged wrongdoing. *Twombly*, 550 U.S. at 555-61 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Therefore, the Court finds the Complaint as alleged is insufficient, even under the liberal *pro se* pleading standard, to allege a plausible Eighth Amendment deliberate indifference claim as against these individual Defendants.

The R&R does recommend dismissal of certain claims against Defendant Herro because he "treated several of Plaintiff's conditions, halted that treatment after Plaintiff reported side effects, and determined that Plaintiff's preferred treatment was not indicated…" ECF No. 99, PageID.2248.  Magistrate Judge Ivy reasoned that Courts cannot second guess the judgment of medical professionals, so Ryan failed to state a claim as to based on the treatment of his degenerative disc disease at C3-4, moderate spinal stenosis at C3-4, effacement of the spinal cord, advanced right peroneal mixed axonal and demyelinating neuropathy, lumbago, adhesive capsulitis of the shoulder, paresthesia, cervical radiculopathy, and lumbar radiculopathy. *Id.*  Neither party lodged objection to this finding, so the Court will adopt that recommended disposition.

The Court notes that the Magistrate Judge was able to make this recommendation because the medical records attached to the SAC included this information.  There are similar medical records as to treatment provided by Holmes, Jamsen, and Austin. *See* ECF No. 87-1, PageID.1936-1954, 1958; ECF No. 87-2, PageID.1964-1966.  But for the same reasons, the Court cannot second guess their medical judgment and nothing in those records shows a deliberate indifference to

8

Ryan's medical conditions. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). That Ryan may have "desire[d] for additional or different treatment does not suffice by itself to support an Eighth Amendment claim." *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). Thus, the claims against by Holmes, Jamsen, and Austin would be subject to dismissal on this ground as well.

Finally, as noted in the R&R, the analogous Michigan Constitution claims are similarly dismissed because they are treated equally to the Eighth Amendment claims. Neither party objected to this, and the Court finds the same. Consequently, the Michigan Constitution claims are also dismissed.

## IV.

Accordingly, the Court **ADOPTS IN PART** the recommended disposition of Magistrate Judge Ivy's Report and Recommendation (ECF No. 99). Defendants' Objections (ECF No. 101) are **SUSTAINED**. And the Second Amended Complaint is **SUMMARILY DISMISSED**, under the Court's obligation to screen pursuant to 28 U.S.C. § 1915(e)(2).

***THIS IS A FINAL ORDER THAT CLOSES THE CASE.***

**IT IS SO ORDERED.**

Dated: October 20, 2025  
    Detroit, Michigan

s/Brandy R. McMillion  
HON. BRANDY R. MCMILLION  
United States District Judge